IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-HC-2109-BO

| JAMES RODNEY SMITH, | ) | |
|---|---|---|
| Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| SARAH REVEL, | ) | |
| Respondent. | ) | |

On June 4, 2010, James Rodney Smith filed a petition for a writ of mandamus. On September 23, 2010, the writ was denied. On October 13, 2010, petitioner made a filing the court construes as a motion to alter or amend the judgment pursuant to Federal Rules of Civil Procedure 59. See Dove v. Codesco, 569 F.2d 809 (4th Cir. 1978).

Rule 59(e) permits a court to alter or amend a judgment. See Fed. R. Civ. P. 59(e). The decision whether to amend or alter a judgment pursuant to Rule 59(e) is within the sound discretion of the district court. See Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). Courts have recognized three reasons for granting a motion to alter or amend a judgment under Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for the availability of new evidence not previously available; or (3) to correct clear error of law or prevent manifest injustice. See, e.g., Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). Consequently, "[a] Rule 59(e) motion is not intended to allow for re-argument of the very issues that the court has previously decided," DeLong v. Thompson, 790 F. Supp. 594, 618 (E.D. Va. 1991), aff'd, 985 F.2d 553 (4th Cir. 1993), and is not "intended to give an unhappy litigant one additional chance to sway the judge." Durkin v. Taylor, 444 F. Supp. 879, 889 (E.D. Va. 1977). Therefore, to successfully

persuade this court to alter or amend its judgment, Smith must demonstrate a recent change in the law, newly discovered evidence, or a clear error by this court merits such a change.

In this case, Smith seeks for the September 23, 2010, order to be vacated. He argues that he filed a writ of mandamus or alternatively a Rule 60(b) petition based on the illegal sentence under which he is now incarcerated. As stated in the September 23, 2011, order Smith was criminally convicted and sentenced in the Eastern District of North Carolina. United States v. Smith, No. 3:94-CR-65-6-H. Smith makes the same or similar arguments as he made with the filing of the matter. He fails to demonstrate an intervening change in controlling law, to present new evidence previously not available, or to show a clear error of law that would support granting his Rule 59 motion. Additionally, the court finds no error of law with respect to its treatment of Smith's claim. The motion for reconsideration is DENIED.[1]

SO ORDERED, this 25 day of January 2011.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

---

[1] Even if the court construed petitioner's motion as a motion under Rule 60 of the Federal Rules of Civil Procedure, the court would deny the motion. See Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993); Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 811 (4th Cir. 1988) (per curiam).